Leo J. DAVIS, Appellee,

v.

**MENO GUARANTY BANK OF MENO, OKLAHOMA, Appellant,**

and

**Bob Shrum D/B/A The Well Specialist, Defendant.**

No. 76647.

Court of Appeals of Oklahoma, Division No. 1.

March 17, 1992.

Certiorari Denied Sept. 9, 1992.

Larry D. Lahman, Enid, for appellant.

Steven D. Singer, Enid, for appellee.

Mary Beth Guard, Gen. Counsel, Oklahoma Bankers Ass'n, amicus curiae.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

Leo J. Davis (Appellee or Garnisher) obtained a money judgment against Bob Shrum d/b/a The Well Specialist (Shrum). Shrum is not a party to this appeal. Appellee caused a Garnishment Summons, with a Garnishee's Answer form attached, to be issued (on May 23, 1990) and served (on May 25, 1990) on Meno Guaranty Bank of Meno, Oklahoma (Bank).

Bank promptly completed the Garnishee Answer, and (on May 29, 1990) mailed it to Shrum. Bank failed to mail a copy to Garnisher or the Court Clerk. Since Meno is in Major County and this action was pending in Garfield County, Bank had twenty (20) days, after service, within which to file the answer. 12 O.S.1981 § 1180. The twentieth (20th) day after service, in this case, was June 13, 1990.

On June 13, 1990,[1] Appellee filed a Motion for Default Judgment against Bank pursuant to 12 O.S.1981 § 1179. Bank filed an Objection to the Motion for Default Judgment and a Motion for Leave to File its Garnishee Answer out of time. Bank also attached its Garnishee Answer showing no indebtedness to Shrum. Bank attached an affidavit which said it was through inadvertence and clerical error that it did not file its Answer with the Garnisher or mail a copy to the Court Clerk; that Bank mailed the original Garnishee Answer to Shrum; and, that neither the Garnishment Summons nor the attached Garnishee Answer form contained the name or the address of Garnisher's attorney.

The trial court denied Bank's motion and entered judgment against it for the full amount of the judgment Appellee held against Shrum, $4,091.25 plus interest, attorney fees and costs. Bank moved for a new trial which was denied. This appeal followed.

Bank contends the trial court had the discretion to allow it to file its answer out of time and that failure to do so constitutes an abuse of discretion. Bank further contends that Garnisher's failure to comply with the statutory form of both the Garnishment Summons and Garnishee Answer form contributed to its error in not properly filing the Garnishee Answer.

12 O.S.1981 § 1179 provides:

If any garnishee, having been duly summoned, shall fail to file and deliver or mail his answer affidavit as required in the preceding sections, or to answer interrogatories as hereinafter provided, the court shall render judgment against him as by default for the amount of the judgment and costs which the plaintiff shall recover against the defendant in the principal action together with the costs of such garnishment. Such garnishee may also be proceeded against as for contempt.

The trial court apparently held that the use of the word "shall" in § 1179 eliminated any discretion on its part, and required the default judgment to be entered when it was shown that Bank did not properly file its Answer within the twenty (20) day period. This was error. The Supreme Court considered this matter in *Casualty Corporation of America v. Turner,* 458 P.2d 907 (Okl.1969). In considering § 1179, the Court said, 458 P.2d at 908:

We are of the opinion that the words "shall render judgment" as they appear in the above statute refers to those instances where there is an absolute failure by the garnishee to file an answer affidavit or to answer interrogatories. The mandatory language is not directed to the period of time in which the garnishee has to answer.

While *Casualty Corporation* involved the answer to interrogatories, not a Garnishee Answer, the Court found that "time to plead is generally a matter of discretion in the trial court".[2] *Casualty Corporation,* at 909, citing *Wilson Motor Company v. Dunn,* 129 Okl. 211, 264 P. 194 (1928). Generally, this Court will uphold a trial court in its exercise of discretion, unless it is "plainly erroneous". However, this is not a case where there was "an absolute failure by the Garnishee to file an Answer". Bank attempted to comply with the statute. As soon as it realized its mistake, Bank promptly sought to file its Answer. Appellee's argument, that entry of judgment against Bank was mandatory under § 1179, is rejected.

Bank contends that it was not technically "duly summoned" because the Garnishment Summons did not include Appellee's address, did not include the name and address of Appellee's attorney, and the blanks on the form for mailing instructions to the Court Clerk were left blank. Then Bank, in effect, states that Appellee would require it to follow the strict and precise letter of the law, and at the same time,

---

**1.** Bank's time to answer had not expired when the Motion for Default Judgment was filed.

**2.** Cf. *Underwriters v. Cannon,* 538 P.2d 210 (Okl. 1975), *Spears v. Preble,* 661 P.2d 1337 (Okl.

1983), and *Farmers Exchange Bank of Antlers v. Dennis,* 735 P.2d 587 (Okl.App.1987).

Appellee claims (Bank contends) that he is not required to follow the strict and precise letter of the law, and his (Appellee's) failure so to do is only incidental and of no consequence. The record supports Bank's argument. See *State National Bank v. Lowenstein,* 52 Okl. 259, 155 P. 1127 (1915), and *Phoenix Bridge Co. v. Street,* 9 Okl. 422, 60 P. 221 (1900). Garnisher did not demonstrate any prejudice to him resulted from Bank's mistake, and there was none. Obviously, extreme prejudice to Bank results from the failure of the Court to allow it to file its answer out of time.

In *Mulkey v. Morris,* 313 P.2d 494 (Okl. 1957), citing *Brooks v. Fields,* 25 Okl. 427, 106 P. 828 (1910), the Court said:

(garnishment) proceedings should be governed by equitable principles to the end that no unwarranted vexation or expense be inflicted upon the garnishee. And the Courts will protect him from the payment of another's debts unless under the law he is clearly liable. *Mulkey* at 494.

Being governed by equitable principles, we find the trial court had the discretion to allow the Bank to file its answer out of time; and, under the facts of this case, it was an abuse of discretion by the trial court not to allow Bank to do so. The judgment of the trial court against Bank is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

BAILEY and ADAMS, JJ., concur.