**B & C INVESTMENTS, INC., Appellant,**

v.

**F & M NATIONAL BANK & TRUST, Appellee.**

**and**

**Donald A. Rutherford and Leta B. Rutherford, Defendants.**

**No. 83677.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 15, 1995.

Bruce A. McKenna, Tulsa, for Appellant.

J. Schaad Titus and Barry G. Reynolds, Tulsa, for Appellee.

## *OPINION*

HUNTER, Presiding Judge:

Appellant B & C Investments, Inc. (B & C), seeks review of the trial court's order which vacated an October 21, 1986 default judgment against Appellee/Garnishee F & M National Bank & Trust Company (Bank).[1] Bank sought vacation of the default judgment on several grounds, namely, that judgment had been rendered against an entity which did not exist, that B & C failed to give Bank notice of its intent to take default or that default had been taken, and that the trial court lacked personal jurisdiction over Bank based on improper service. In its motion for summary judgment and supplement thereto, Bank additionally asserted vacation of the judgment was proper because Bank's constitutional due process rights were violated by the rendition of a default judgment, of which Bank had no notice, and after Bank had filed an answer. Without stating the reason relied upon, the trial court denied B & C's motion to dismiss and granted Bank's motion for summary judgment, thereby vacating the default judgment. On appeal, B & C argues vacation was improper because the trial court had in personam jurisdiction, service was not defective and Bank is not entitled to notice prior to default judgment being rendered. Because the default judgment is not void on its face, B & C maintains, the

1. The trial court vacated the judgment through its sustention of Bank's motion for summary judgment on its Petition to Vacate Default Judgment and its denial of B & C's motion to dismiss.

petition to vacate is barred by the statute of limitations provided in 12 O.S.1981, § 1038.

12 O.S.1981, § 1038 (emphasis added) provided:

Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivision four, five and seven, of Section 5267 [Section 1031 of this title] must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within two (2) years after the judgment was rendered. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three (3) years, and in subdivision nine, within one (1) year after the defendant has notice of the judgment. *A void judgment may be vacated at any time, on motion of a party, or any person affected thereby.*

■ If the default judgment is *facially void*, Bank's petition to vacate, filed almost five years after the judgment, is not untimely.[2] The provision in § 1038, that a void judgment may be vacated at any time, applies only when the invalidity appears on the face of the judgment roll (the record). *Graff v. Kelly*, 814 P.2d 489, 492 (Okla.1991). A decision is void on the face of the judgment roll when, from the four corners of that roll, it may be determined that at least one of the three elements of jurisdiction was absent: jurisdiction over the parties, over the subject matter, or jurisdictional power to pronounce the particular judgment that was rendered. *Graff*, at 492. Laches is not, as B & C suggests, a defense to vacation of a void judgment. *Chaney v. Reddin*, 201 Okla. 264, 205 P.2d 310 (1949).

■ An examination of the record shows B & C filed a forcible entry and detainer action against the defendants, the Rutherfords, in February, 1986 and received a default judgment against them in April, 1986. On Octo-

ber 10, 1986, B & C filed its garnishment affidavit and summons to Bank.[3] The first Return of Service indicates service was made on Bank on October 10, 1986 by serving Nettie Robinson. A second amended Return of Service indicates Bank was served on October 10, 1986, by serving one J.E. Day, Jr., Banking Officer. On October 21, 1986 Bank filed its Garnishee's Answer, stating it was served on October 20, 1986.[4] The file-stamp on the Answer shows the Answer was filed at 2:41 p.m. on October 21, 1986. The same day, October 21, 1986, the trial court rendered default judgment against Bank for $32,962.00 because "no affidavit or answer has been filed by garnishee" under 12 O.S. 1981, § 1178 and that under 12 O.S.1981, § 1179, B & C was entitled to judgment by default. It is undisputed that the judgment was *filed* on October 21, 1986 at 4:29 p.m.

Section 1179 of Title 12 (1981) provides: If any garnishee, having been duly summoned, shall fail to file and deliver or mail his answer affidavit as required in the preceding sections, or to answer interrogatories as hereinafter provided, the court shall render judgment against him as by default for the amount of the judgment and costs which the plaintiff shall recover against the defendant in the principal action together with the costs of such garnishment. Such garnishee may also be proceeded against as for contempt.

This section of law authorizes the court to render a default judgment against a garnishee who has been properly summoned and who fails to file an answer. *Assuming for the sake of argument only* that Bank had been properly served with summons on October 10, 1986, the question of the timeliness of its answer on October 21, 1986 arises. B & C contends the answer was required, under 12 O.S.1981, § 1178, to be filed within 10 days of the service of summons and that Bank's answer filed on October 21, 1986, was one day late. Thus, B & C contends, the

2. B & C admits this in its Reply brief.

3. The Garnishment Affidavit names "F & M Bank & Trust Company" while the Garnishment Summons names "F & M *National* Bank & Trust Company" as Garnishee.

4. In its Answer, Bank stated it was indebted to the defendants in the amount of $3.00. The docket sheet indicates F & M paid into court $3.00 on January 27, 1987, and that garnishment was paid out on January 29, 1987 to one William Lee.

trial court was *required* to render judgment for B & C and that it is irrelevant that the file stamp on the Answer shows it was filed almost two hours before the default judgment was filed.

 Previous decisions by this Court and the Supreme Court indicate the word "shall" in Section 1179, does not eliminate all discretion on the part of the trial court with regard to rendition of a garnishment default judgment. *Casualty Corporation of America v. Turner,* 458 P.2d 907 (Okla.1969); *Davis v. Meno Guaranty Bank,* 836 P.2d 1305 (Okla.App.1992). In *Casualty Corporation,* the Court said:

> We are of the opinion that the words "shall render judgment" as they appear in the above statute refers to those instances where there is an absolute failure by the garnishee to file an answer affidavit or to answer interrogatories. The mandatory language is not directed to the period of time in which the garnishee has to answer.

*Id.* at 908. Thus, the trial court retains the discretion to allow pleadings, including a garnishee's answer, out of time and is not required to render judgment at the expiration of the 10–day period, at least where there is not a total failure to file an answer. Here, as in *Davis,* there is not an absolute failure to file an answer, B & C has failed to demonstrate any prejudice to it by such late filing, and Bank would have been extremely prejudiced by the trial court's refusal to permit the answer to be filed. Default judgment is proper under 12 O.S.1981, § 1179 if a garnishee fails to file an answer. The record shows that Bank's answer was filed prior to the time the default judgment was filed. Accordingly, B & C's contention Bank's failure to file its answer within the 10 days entitles B & C *automatically* to a default judgment, is without merit.

 Rule 10 of the Rules for District Courts, 12 O.S.1981, Ch. 2, App. sets forth the requirements of notice when a party desires a default judgment. The 1981 version, emphasis added, provided in pertinent part:

> In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither.

> Notice of taking default is not required where the defaulting party has not made an appearance. Also, *notice of taking default is not required in the following cases even if the defaulting party has made an appearance: ... 7) any garnishment proceeding; ....*

Although Rule 10 required notice to a party who had appeared or filed a motion or pleading as a condition precedent to the granting of a default judgment, the Rule provided for exceptions to the notice requirement in certain proceedings. Under the 1981 version of Rule 10, notice of taking default was not required in garnishment proceedings even though the garnishee had appeared. We hold under the facts of this case, that although Rule 10 did not require notice to Bank before default judgment was rendered, due process did.[5]

The Oklahoma Supreme Court quoted *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), in *Swanson v. Gick,* 805 P.2d 662, 664 (Okla.1991):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice

---

5. U.S. Const., Amend XIV, § 1 provides: "... No State shall ... deprive any person of life, liberty, or property, without due process of law ..."; See also, Okla. Const. Art. 2, § 7 which provides: "No person shall be deprived of life, liberty, or property, without due process of law."

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

 "Due process requires that life, liberty or property not be deprived by adjudication unless preceded by notice and an opportunity for a hearing appropriate to the nature of the action. The opportunity to be heard is the fundamental requisite of due process of law. This opportunity is wholly worthless without notification of the occasion requiring it to the person whose rights are affected so that he may decide for himself whether to appear or default." *Capitol Federal Savings Bank v. Bewley,* 795 P.2d 1051, 1053 (Okla.1990). "Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action." *Bailey v. Campbell,* 829 P.2d 667 (Okla.1991).[6] *When the name and address of a party or the party's attorney is known, notice is a prerequisite to valid proceedings. Bailey,* at 675. A judgment is void on the face of the record proper, when the judgment roll fails to disclose that a party was brought into court by process that is constitutionally due. *Bailey,* at 676.

Bank filed an Answer prior to the time the default judgment was filed. There is no written motion for default judgment or other document in the record, other than the default judgment itself, regarding the motion. It is undisputed that Bank had no knowledge

or notice of the court proceedings regarding the motion for default judgment and that B & C never sent notice of the default judgment to Bank. B & C insists, and the returns indicate, B & C served, through a process server, the garnishment summons on Bank at the bank on either October 10, 1986 or October 20, 1986.[7] Thus, B & C knew Bank's name and address and knew where to serve Bank. B & C's failure to apprise Bank of the default proceedings, when it knew where Bank could be served, denied Bank the opportunity to appear and to participate in a meaningful manner. This violated Bank's due process and constitutes a jurisdictional infirmity. The Supreme Court of Oklahoma has similarly held that a default judgment entered in a garnishment proceeding without notice to the defaulting party, violated due process and was void when the name and address of the party was readily available, even though Rule 10 did not require notice. *Hagar v. Goodyear Tire and Rubber Co.,* 853 P.2d 768 (Okla.1993).

The default judgment is void and was properly attacked under the provisions of 12 O.S.1981, § 1038. The trial court's judgment which grants Bank's motion for summary judgment and vacates the default judgment rendered on October 21, 1986, is AFFIRMED.

ADAMS and HANSEN, JJ., concur.

6. In *Bailey,* a default judgment entered without notice to either the defendant or his counsel after an answer had been filed, was void on the face of the judgment roll.

7. The evidence is *disputed* regarding *when* service of summons was actually made on Bank.

Because affirmance of the trial court's decision is warranted on other grounds, we need not address Bank's contention vacation of the default judgment was required for lack of personal jurisdiction based on improper service.