2002 OK CIV APP 101

Francisco GONZALEZ, by and through his mother and next friend Sanjuana Gonzalez; and Remberto Gonzalez, Plaintiffs/Appellees,

v.

COMBINED INSURANCE COMPANY OF AMERICA, Defendant/Appellant.

No. 96,666.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 12, 2002.

Rehearing Denied May 17, 2002.

Certiorari Denied Sept. 24, 2002.

Jon K. Parsley, David K. Petty, P.C., Guymon, for Plaintiffs/Appellees.

David B. Donchin, E. Edd Pritchett, Jr., Durbin, Larimore & Bialick, Oklahoma City, E.W. "Bill" Shaw, F.L.P. DeVaughn, Mitchell & Declerck, P.L.L.C., Enid, for Defendant/Appellant.

## KENNETH L. BUETTNER, J.

¶1 Defendant/Appellant Combined Insurance Company of America (Insurance Company) appeals from orders binding Insurance Company to a default judgment entered against its co-defendant David Hopwood, and granting summary judgment to Plaintiffs/Appellees Sanjuana Gonzalez and Remberto Gonzalez (collectively, the Gonzalezes). Following an automobile accident, the Gonzalezes filed a negligence petition against the other driver, Hopwood, and against Hopwood's alleged employer, Insurance Company, under the theory of respondeat superior.[1] After discovering that the Gonzalezes had obtained a default judgment against Hopwood, Insurance Company sought to vacate that judgment. The trial court granted partial summary judgment finding that Insurance Company was bound by the default judgment entered against Hopwood. The remaining issue was whether Hopwood was acting as Insurance Company's agent at the time of the accident so that Insurance Company was liable under the theory of respondeat superior. After Insurance Company responded to requests for admissions two days out of time, the trial court ruled the responses were both insufficient and deemed admitted. The trial court denied Insurance Company's motion to withdraw and amend its responses and granted summary judgment to the Gonzalezes on the agency issue. Judgment was entered in favor of Francisco Gonzales for $310,000 and Remberto Gonzales for $150,000, plus interest. Insurance Company appeals the court's orders. Because we find the trial court abused its discretion in denying the petition to vacate the default judgment and in holding that Insurance Company was bound by the default judgment entered against Hopwood, we reverse and remand.

¶2 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275.

¶3 The undisputed evidence establishes that Hopwood was involved in an auto accident with Remberto and Francisco Gonzales October 25, 1997. The Gonzalezes filed their petition against Hopwood and Insurance Company March 30, 1999. In their petition, the Gonzalezes alleged that at the time of the accident, Remberto Gonzales was driving with passenger Francisco Gonzales, then fourteen years old, in his car when Hopwood, an employee or agent of Insurance Company, lost control of his vehicle and crossed the centerline and hit the Gonzalezes' car. The Gonzalezes alleged that Insurance Company was liable for the negligence of its employee who was acting within the scope of his employment at the time of the collision. The Gonzalezes alleged that as a result of Hopwood's negligent acts, Remberto and Francisco were entitled to damages for serious injuries, pain and suffering, lost wages, and lost earning capacity, as well as reimbursement of medical expenses resulting from the accident and in the future. The Gonzalezes also alleged they suffered property damage in the accident.

---

1. The Gonzales' son, Francisco, was injured in the accident, along with Remberto, who was driving their car.

¶ 4 An alias summons was issued to Insurance Company April 2, 1999 and served upon Carroll Fisher, Oklahoma Insurance Commissioner.[2] Counsel for Insurance Company filed its entry of appearance April 23, 1999. Insurance Company served the Gonzalezes with interrogatories and requests for documents May 3, 1999.

¶ 5 Insurance Company filed its answer to the Gonzalezes' petition May 14, 1999. Insurance Company denied that Hopwood was its agent or employee and denied that he was acting within the scope of such employment at the time of the accident. Insurance Company also denied that the accident was due to Hopwood's negligence. Insurance Company asserted the defenses of comparative negligence, sudden emergency, and assumption of the risk.

¶ 6 Default judgment was entered against Hopwood October 20, 1999, based on a finding that Hopwood had been served with the amended petition and summons and had failed to answer or enter an appearance. The court noted that the Gonzalezes had made several attempts to serve Hopwood and that the second alias summons was served on him personally. The court concluded that service on Hopwood complied with Oklahoma law. The default judgment in favor of Francisco Gonzales awarded $310,000 in damages, as well as $16,196.86 in prejudgment interest and $199.12 in costs. The default judgment in favor of Remberto Gonzales awarded $150,000 in damages, $7,837.19 in prejudgment interest and $199.12 in costs. Remberto Gonzales also was awarded $750 as attorney fee for the property damage portion of the suit.

¶ 7 Insurance Company first argues that it was not given notice of the default judgment entered against Hopwood and that the trial court therefore erred in denying Insurance Company's petition to vacate the default judgment. Regarding the entry of the default judgment, the court docket states, in part:

10/20/99 Minute

Matter comes on for hearing specially at request of Pltf's. Matter as to default judgment against Def Hopwood. Pltf's present & w/ atty Jon Parsley. Service on Def Hopwood approved. No entry of appearance or pleading by Def Hopwood in file. None known. Def Hopwood adj. In default. Pltf proceeds w/ evid. presentation as to damages, personal injuries, property damages, pain & suffering and past & future medical past & future....

The docket entry reveals that the default judgment hearing was in the nature of an *ex parte* proceeding without notice to either Hopwood or Insurance Company. The journal entry of judgment was filed the same day. The journal entry does not reflect any notice to an appearance at the hearing by Insurance Company.

¶ 8 On January 10, 2001, Insurance Company filed its petition to vacate the default judgment entered against Hopwood. Insurance Company asserted that it received no notice of the hearing to obtain default judgment, even though Insurance Company had already entered an appearance and filed an answer. Insurance Company alleged that it first learned of the default judgment June 8, 2000.[3] Insurance Company argued that due process requires that all interested parties be afforded notice of the taking of a default judgment and that it was not given such notice, despite having filed an answer in the case.

¶ 9 Insurance Company also argued that the lack of notice required vacating the default judgment because it was obtained through irregularity, fraud, or unavoidable

2. The second alias summons and petition were served on Hopwood personally at his place of employment September 23, 1999.

3. On August 3, 2000, Insurance Company filed its application for waiver of physician-patient privilege in which it asserted it needed to obtain the Gonzalezes' medical records in order to defend the case against it. Also on that date, Insurance Company filed a motion to compel answers to interrogatories. Insurance Company asserted that the Gonzalezes' responses to the interrogatories were filed a year late and that the responses were inadequate. These procedural moves indicate Insurance Company was unaware that the default judgment might bind Insurance Company on the issue of Hopwood's negligence and the amount of damages.

casualty or misfortune which prevented Insurance Company from defending the matter. Among the exhibits attached to the petition to vacate is a letter from the Gonzaleses' counsel to counsel for Insurance Company dated November 30, 2000, in which the Gonzalezes first asserted that they would be seeking summary judgment against Insurance Company on the issues of liability and damages because they believed those issues had been determined in the default judgment entered against Hopwood.

¶ 10    The Gonzalezes responded to the petition to vacate default judgment with a motion to dismiss the petition to vacate because Insurance Company had failed to assert a defense in the petition to vacate and had failed to issue and serve summons on the petition to vacate, both in violation of 12 O.S.Supp.1999 § 1033. The Gonzalezes also argued that Insurance Company did not have standing to seek to vacate the default judgment entered against Hopwood because Insurance Company continued to deny that Hopwood was its agent or employee at the time of the accident and because Insurance Company did not purport to represent Hopwood, nor did Insurance Company's counsel enter an appearance for Hopwood.

¶ 11    The Gonzalezes also asserted that counsel for Insurance Company had stated earlier in the litigation that Insurance Company would not be representing Hopwood and "would instead be defending on the fact that they believed he was not an employee or agent of the Company at the time of the wreck." The Gonzalezes' argument in essence was that because Insurance Company chose not to represent Hopwood, it could not seek to vacate the default judgment on the issue of Hopwood's liability. The Gonzalezes asserted that Insurance Company "is still free to claim the defense that they have been claiming all along-that he was not an employee or agent at the time of the wreck." This argument ignores the fact that in its answer to the Gonzalezes' petition, Insurance Company denied Hopwood's negligence and asserted the defenses of comparative negligence, assumption of risk and sudden emergency.

¶ 12    The Gonzalezes also argued that Insurance Company failed to comply with the statutory requirements for a petition to vacate a judgment because Insurance Company failed to allege a defense to the original action in its petition to vacate. In response to Insurance Company's assertion that it did not receive notice of the taking of the default judgment, the Gonzalezes stated that the district court rules state that notice of taking a default judgment is not required where the defaulting party has not made an appearance. The Gonzalezes argued that only the party against whom default is sought would be entitled to notice and that Hopwood was not entitled to that notice because he failed to appear or answer. While arguing that Insurance Company was not entitled to notice of the default judgment, the Gonzalezes conceded that "the default judgment against Hopwood establishes . certain issues as against (Insurance Company)" but averred that such event "does not deprive them of their main and primary defense that he was not their employee or agent at the time of the wreck."

¶ 13    The Gonzalezes filed their motion for partial summary judgment February 6, 2001, in which they alleged that the undisputed facts showed that the default judgment had established Hopwood's liability for the Gonzalezes' injuries and the amount of their damages. The Gonzalezes asked for summary judgment against Insurance Company on those issues and asserted that the only remaining issue for trial was whether Hopwood was acting as Insurance Company's agent or employee at the time of the accident.

¶ 14    Insurance Company replied to the Gonzalezes' motion to dismiss the petition to vacate default judgment February 9, 2001. The reply was on behalf of Insurance Company as well as Hopwood. Insurance Company asserted that the default judgment was not a final order because it did not dispose of all the issues in the case and was accordingly amendable at any time, without requirement of compliance with 12 O.S.Supp.1999 § 1033. Insurance Company also reasserted its argument that it was entitled to notice of taking a default judgment.

¶ 15 The trial court denied Insurance Company's petition to vacate default judgment April 11, 2001. On the same date, the trial court granted partial summary judgment to the Gonzalezes, holding that Insurance Company was bound by the default judgment finding of liability and determination of damages. The summary judgment order indicated that the only issue remaining for trial was whether Insurance Company was liable for Hopwood's negligence under the doctrine of respondeat superior.

¶ 16 The Gonzalezes filed a motion for summary judgment on the remaining issue May 14, 2001. The Gonzalezes argued that they had served Insurance Company with requests for admissions on April 11, 2001, in which they asked Insurance Company to admit that Hopwood was the agent or employee of Insurance Company at the time of the accident and that Hopwood was acting within the scope of such agency or employment at the time of the accident. The Gonzalezes argued that Insurance Company had failed to respond to its requests for admissions within thirty days and that the requests were therefore deemed admitted under 12 O.S.1991 § 3236(A). The Gonzalezes asserted that the deemed admissions left no issue of fact remaining and that the Gonzalezes were entitled to judgment as a matter of law against Insurance Company under the doctrine of respondeat superior.

¶ 17 Insurance Company responded by requesting that the trial court allow it to withdraw its answers and amend them so that the matter could be considered on the merits. Insurance Company noted that the Gonzalezes sought summary judgment on the deemed admissions one business day after the responses were due and that Insurance Company filed its answers two business days after they were due. The trial court granted summary judgment to the Gonzalezes based on its findings that the requests for admissions were deemed admitted both because they were answered after the thirty day time limit and because the court found the answers were insufficient.

¶ 18 We find the instant matter requires reversal for two reasons. First, the trial court abused its discretion in denying the petition to vacate the default judgment because there was no notice given to Insurance Company, despite the fact that Insurance Company was an interested party, and had filed an answer.[4] Second, we find that the trial court erred in holding that Insurance Company was bound by the result of a default judgment entered against another party, when such default judgment was merely an interlocutory order and was not final, particularly in light of the fact Insurance Company was not given an opportunity to be heard before entry of the judgment which purported to bind Insurance Company.

¶ 19 District Court Rule 10 provides that notice of taking default judgment is not required where the defaulting party has not made an appearance. 12 O.S.1991, Ch. 2, App. 1. The Gonzalezes relied on this rule to support their claim that Insurance Company was not entitled to notice of taking the default judgment, arguing that District Court Rule 10 requires notice only to the party in default. However, Insurance Company was named as a co-defendant in the amended petition, and Insurance Company had entered an appearance and filed an answer in which it contested the issues decided in the default judgment.[5] Additionally, the Gonzalezes argued that the default judgment precluded Insurance Company from disputing Hopwood's negligence, which necessarily would impact Insurance Company in the event that Hopwood was found to have been acting within the scope of employment with Insurance Company at the time of the accident. Accordingly, under the Gonzalezes' argument, Insurance Company was an interested party. Due process commands that in-

---

4. The trial court's decision on a motion to vacate a judgment is reviewed for an abuse of discretion. *Ferguson Enterprises, Inc., v. H. Webb Enterprises, Inc.,* 2000 OK 78, 13 P.3d 480, 482.

5. Title 12 O.S.1991 § 2005(A) provides, in part:

"Except as otherwise provided in this title, ... every written motion other than one which may be heard *ex parte*, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear...."

terested parties be afforded notice and an opportunity to be heard before the entry of a decision affecting their rights. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 656–657, 94 L.Ed. 865 (1950). Additionally, this court has held that due process requires that notice of taking a default judgment be given to all interested parties. *B & C Investments, Inc. v. F & M National Bank & Trust*, 1995 OK CIV APP 106, 903 P.2d 339, 343.

¶ 20 In *B & C Investments, Inc., supra*, the plaintiff filed a forcible entry and detainer action against the defendants and obtained a default judgment. The plaintiff then filed garnishment proceedings against the bank. The bank filed its answer 11 days later-the same date on which default judgment was entered against the bank for not filing an answer to the garnishment proceedings. Five years later, the bank sought to have the default judgment against it vacated, arguing it was void for lack of notice. The plaintiff appealed, arguing that the bank's answer was filed one day late under the garnishment statutes and also arguing that notice was not required in garnishment proceedings according to District Court Rule 10. This court held that despite the provisions of District Court Rule 10, the due process clauses of the United States and Oklahoma Constitutions require notice be given to interested parties who have filed an answer prior to the time default is entered. *Id.*

¶ 21 Likewise, in the instant case, despite the fact that District Court Rule 10 refers to notice of taking default being given only to the party against whom default judgment is to be entered, it is undisputed that the default judgment, at least according to the trial court's interpretation, affected Insurance Company and limited its opportunities to defend its interests. Additionally, Insurance Company had appeared and filed an answer in which it denied Hopwood's negligence well before the default judgment was sought. Accordingly, entering the default judgment without any notice to Insurance Company, and attempting to bind Insurance Company by the default judgment, deprived Insurance Company of its constitutionally-guaranteed right to due process. The default judgment is therefore void for lack of proper notice to an interested party. See *B & C Investments, Inc., supra.*, 903 P.2d at 343. The default judgment was consequently subject to attack at any time and the trial court abused its discretion in refusing to vacate the default judgment.[6]

¶ 22 Additionally, the trial court erred in holding that Insurance Company was bound by the default judgment determining Hopwood's liability for negligence. The determination of whether a default judgment entered against one party binds a co-defendant is a question of law. *Drill South, Inc. v. International Fidelity Ins. Co.*, 234 F.3d 1232, 1235 (11th Cir.2000) (*held:* a surety is bound by a default judgment entered against its principal where the surety received notice and an opportunity to defend the action). Undoubtedly Insurance Company cannot be bound by a judgment which is void. Furthermore, a party to an action is bound by and entitled to the benefits of *res judicata* and issue preclusion only as to those matters on which fair notice has been given. See Restatement (Second) of Judgments, § 34, Comments. Section 57 of the Restatement (Second) of Judgments provides that where a default judgment is entered against an indemnitee, the indemnitor is not bound if the indemnitor was not afforded notice of the proceedings. In addition, the Gonzalezes failed to present any authority for applying the doctrines of *res judicata* or collateral estoppel so that a co-defendant would be bound by adjudicative facts established in an interlocutory default judgment against another defendant. The trial court erred as a matter of law in holding that Insurance Company was bound by the default judgment

---

6. While the Gonzalezes raise several issues regarding compliance with 12 O.S.1991 § 1031.1 *et seq.*, we are not convinced of the applicability of those statutes to an interlocutory order. It appears that the vacation statutes apply to final judgments, decrees, or appealable orders. Section 1031.1(B) refers to judgments prepared in conformance with 12 O.S.1991 § 696.3 which describes appealable judgments, decrees, and orders. Section 696.3(B) requires a file-stamped copy of such judgment to be mailed to all parties, not in default, promptly, and no later than 3 days after it is filed.

entered against Hopwood under the circumstances of the instant case.

¶ 23 Finally, we find the trial court abused its discretion in considering the matters in the requests for admissions deemed admitted and then denying Insurance Company's application to withdraw and amend its answers. The responses to the requests for admissions were filed two days after the statutory time limit. See 12 O.S.1991 § 3236(A). However, § 3236(A) expressly provides that the thirty-day period for responding may be shorter or longer than that, as the court may decide. On April 11, 2001 Insurance Company learned that the trial court held that Insurance Company was bound by the default judgment of liability and awarding damages. On that same date the Gonzalezes served their requests for admissions on Insurance Company. Insurance Company filed answers, but only two days late. We find no prejudice to the Gonzalezes would have resulted if the trial court either had accepted the answers as timely or granted Insurance Company's application to withdraw and amend the responses. Instead, on the basis of those deemed admissions, the trial court granted summary judgment to the Gonzalezes on the only remaining issue in a case where Insurance Company was not afforded notice of an essential proceeding in the case.

¶ 24 For these reasons, the trial court's decisions denying the petition to vacate the default judgment, and granting partial summary judgments in favor of the Gonzalezes, first on the issues of Hopwood's negligence and the amount of damages, and then on the remaining issue of Insurance Company's liability under respondeat superior, are REVERSED AND REMANDED for proceedings consistent with this opinion.

JOPLIN, V.C.J., and JONES, J., concur.