2013 OK CIV APP 29

**DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY,**
Plaintiff/Appellee,

v.

**Thomas Roy COLLINS, Defendant,**

and

**Moisant and Company, Inc., d/b/a Moisant Promotional Products,**
Garnishee/Appellant.

**No. 109,464.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 15, 2013.

James L. Menzer, Blackwell, Oklahoma, for Plaintiff/Appellee.

Craig E. Brown, Oklahoma City, Oklahoma, for Garnishee/Appellant.

BRIAN JACK GOREE, Judge.

¶ 1 Garnishee/Appellant, Moisant and Company, Inc. d/b/a Moisant Promotional Products (Garnishee), seeks review of the trial court's order denying its motion to vacate a default judgment against it. We hold Garnishee was properly served both with the garnishment summons and with the later order directing Garnishee to answer and pay. However, the order failed to specify the amount of costs for which Garnishee would be held liable upon default. We reverse the trial court's order denying Garnishee's motion to vacate the default judgment to the extent it failed to vacate the cost award but affirm to the extent it refused to vacate the

judgment in the amount of $10,630.15. We remand with instructions to vacate the cost award.

¶2 On July 21, 2008, Plaintiff/Appellee, Discover Property and Casualty Insurance Company (Creditor), obtained a default judgment against Defendant, Thomas Roy Collins (Debtor), for damages arising from a car collision. Creditor filed a garnishment affidavit on November 7, 2008, and served a continuing wage garnishment on Garnishee on November 20, 2008 by certified mail without restricted delivery. Garnishee answered, stating it already had an existing garnishment in place for Debtor on another judgment debt.

¶3 On September 14, 2009, Creditor filed an application for an order directing Garnishee to answer and deliver money to Creditor, alleging the previous garnishment had expired. On October 5, 2009, the court issued such an order, directing Garnishee to answer the summons within seven days and deliver money or property of Debtor to Creditor's attorney. The order stated that if Garnishee failed to comply with the order, judgment would be rendered against Garnishee in the principal amount of the judgment of $10,630.15, plus interest and costs. Creditor mailed the order to Garnishee by certified mail, without restricted delivery, and filed a return with a signed receipt.

¶4 On January 22, 2010, the trial court entered a judgment against Garnishee finding Garnishee was properly served with the order directing Garnishee to file an answer and deliver money to Creditor, but failed to file any response and was in default of the continuing garnishment summons. Paragraph 7 of the judgment stated, "That judgment should be, and hereby is, rendered against [Garnishee], and in favor of [Creditor] in the amount of $12,045.49. The final paragraph of the judgment stated, "IT IS

THEREFORE ORDERED, ADJUDGED, AND DECREED that [Creditor] have and recover judgment of and from [Debtor] in the amount of $10,630.15...."

¶5 Creditor then filed a garnishment affidavit against Garnishee and served it on Garnishee's bank. The bank answered, stating it held $12,644.82 belonging to Garnishee.

¶6 Garnishee moved to vacate the default judgment rendered on January 22, 2010, on the grounds the judgment was void because Garnishee was not properly served with the summons and petition, Garnishee did file an answer, and the judgment was rendered against Debtor, not Garnishee. Creditor objected, arguing the garnishment became effective upon expiration of the prior garnishment and Garnishee was guilty of laches. In reply, Garnishee argued Creditor was required to give notice before taking default.

¶7 In a summary order, the trial court denied the motion to vacate default judgment. Garnishee appeals from this order. We will review a trial court's ruling on a motion to vacate a default judgment for abuse of discretion. *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 2000 OK 78, ¶5, 13 P.3d 480, 482.

I

¶8 Garnishee's first contention is the default judgment is void because the Creditor failed to obtain proper service of the continuing wage garnishment summons on Garnishee.[1] Garnishee argues that 12 O.S. Supp.2002 § 2004(C)(2)(b) required that Creditor mail the summons and petition by certified mail, return receipt requested, with delivery restricted to the addressee. That subsection provides, in relevant part,

Service by mail shall be accomplished by mailing a copy of the summons and peti-

---

1. Creditor raises a jurisdictional issue in responding to this contention of error, asserting the trial court lacked jurisdiction to vacate the judgment because Garnishee's motion to vacate was filed out of time pursuant to 12 O.S.2011 § 1033. Garnishee argues it was entitled to proceed by motion pursuant to 12 O.S.2011 § 1038 because the default judgment was void for lack of service. Section 1038 allows vacation by motion when the face of the record reveals jurisdiction over the defendant was absent. *Genoff Farms, Inc. v. Seven Oaks South, LLC*, 2011 OK CIV APP 29, ¶14, 249 P.3d 526, 530. Garnishee moved to vacate on the grounds the return of service showed lack of proper service. Therefore, Garnishee was entitled to proceed under § 1038. The trial court had jurisdiction to rule on the motion, and this court has jurisdiction to review the trial court's order.

tion by certified mail, return receipt requested and delivery restricted to the addressee.... Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee.

The next subsection of the statute, § 2004(C)(2)(c), provides in relevant part,

Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant.... In the case of [a corporation, partnership, or unincorporated association], acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail.

¶ 9 In the present case, Creditor served the garnishment summons by certified mail at Garnishee's principal place of business and received a return receipt presumed to have been signed by an employee authorized to receive certified mail. Creditor was not required to use restricted delivery. We hold Creditor obtained proper service on Garnishee.

## II

■ ¶ 10 Garnishee's next contention is that the journal entry for the default judgment was defective and granted judgment only against Debtor and not against Garnishee. The journal entry stated, "That judgment should be, and hereby is, rendered against [Garnishee]." This language unambiguously grants judgment against Garnishee. That the journal entry mistakenly stated judgment was rendered against Debtor in the following paragraph does not negate its effectiveness against Garnishee. We hold the judgment was effective as to Garnishee.

## III

■ ¶ 11 Garnishee's next contention is that its right to due process has been violated. It complains (1) it had no knowledge of the garnishment issued to its bank, (2) it did not have adequate notice of the initial garnishment summons against it because mailing was not restricted to its service agent, and (3) it did not have notice of the default proceedings. Garnishee has appealed only the order denying its motion to vacate the default judgment; it has not appealed any orders arising from the garnishment of its bank. Therefore, no issues relating to the garnishment of its bank are before us on review. As we discussed in Part I, the initial garnishment summons was properly served on Garnishee.

■ ¶ 12 Creditor served a continuing earnings garnishment on Garnishee. Pursuant to 12 O.S. Supp.2004 § 1173.4(F)(1), Garnishee had the duty to file an answer stating:

Whether the garnishee was the employer of the defendant named in the notice, was indebted to the defendant, or was under any liability to the defendant in any manner or upon any account for earnings, specifying the beginning and ending dates of the pay period, if applicable, existing at the time of the service of the affidavit and summons, the total amounts earned in the entire pay period, and all of the facts and circumstances necessary to a complete understanding of any indebtedness or liability....

A properly served garnishment summons is a lien on the defendant's property until the judgment is satisfied or 180 days have elapsed. § 1173.4(G). The garnishment lien has priority over a subsequent garnishment summons and lien served during its effective period. § 1173.4(H)(1). When the garnishment summons is served while a previous garnishment lien is still in effect, the garnishee's answer must state that the garnishee is presently holding defendant's property under a previous garnishment lien or garnishment summons, and give the date when all previous garnishment liens or garnishment summons are expected to end. § 1173.4(H)(2)(a).

A garnishment against a debtor already subject to a prior garnishment takes effect immediately upon the conclusion of the prior garnishment and is effective for a full 180 days from that point. § 1173.4(K). The garnishee must pay the garnished funds directly to the judgment creditor unless otherwise ordered. § 1172.2.

¶ 13 Although Garnishee did file an answer in partial compliance with its duties under these statutes, it failed to state when the prior garnishment was expected to end and to begin filing answers following each pay period as required by § 1173.4. In addition, it failed to pay the garnished funds to Creditor upon the expiration of the prior garnishment as required by § 1172.2.

¶ 14 When a garnishee fails to comply with § 1172.2, among other sections, the trial court must enter an order directing the garnishee to answer and deliver the money owed to the judgment creditor. § 1179. The order must specify the manner for giving notice to the garnishee, and must inform the garnishee that failure to respond will result in judgment being rendered against it in the principal amount of the judgment against the defendant plus costs in a specified amount, including attorney fees. *Id.*[2]

¶ 15 The trial court below entered an order directing Garnishee to file its answers and to deliver the money due to Creditor's attorney. It specifically informed Garnishee that if Garnishee failed to file all answers and pay all amounts owing since November 10, 2008, judgment would be entered against Garnishee for $10,630.15 plus costs, attorney fees and interest. The order did not, however, specify the amount of costs. It did specify that service would be by certified mail, return receipt requested, postage prepaid, at a certain address, which was the same address at which the garnishment summons was served. The record contains the signed return receipt.

¶ 16 This record establishes that Garnishee had notice of the default proceedings and failed to comply with the court's order. The trial court properly followed the § 1179 procedure, except to the extent that it granted a judgment against Garnishee including costs when the amount of costs had not been specified in the notice sent to Garnishee. The default judgment therefore must be vacated as to the cost award.

## IV

■ ¶ 17 Garnishee's last contention is the trial court abused its discretion in not exercising its equitable powers to vacate the default judgment in order to promote the ends of justice. Garnishment proceedings are governed by equitable principles to the end that no unwarranted vexation or expense be inflicted upon the garnishee. *Brooks v. Fields*, 1910 OK 3, 25 Okla. 427, 106 P. 828, 830. However, equity follows the law, and where the rights of parties are clearly defined by law, equity has no power to change or unsettle those rights. *Sautbine v. Keller*, 1966 OK 209, ¶¶ 13, 14, 423 P.2d 447, 451. In addition, a garnishee cannot invoke equity to relieve itself of the burden created by its own negligence. *Bank of Oklahoma, N.A. v. Krown Systems*, 2002 OK CIV APP 82, ¶ 18, 53 P.3d 924, 929.

¶ 18 In the present case, the rights of the parties are clearly defined by the garnishment statutes, §§ 1172.2 and 1173.4, and Garnishee's burden is caused by its own negligence in failing to respond to the trial court's order. Under these circumstances, equity will provide Garnishee no relief.

¶ 19 For the foregoing reasons, the trial court's order denying Garnishee's motion to vacate the default judgment is REVERSED to the extent it failed to vacate the cost award but AFFIRMED to the extent it refused to vacate the judgment in the amount of $10,630.15. This matter is REMANDED with instructions to vacate the cost award.

HETHERINGTON, P.J., and
MITCHELL, J., concur.

---

2. The Legislature implemented this procedure in apparent response to the Court of Civil Appeal's opinion in *Davis v. Meno Guar. Bank of Meno, Oklahoma*, 1992 OK CIV APP 27, 836 P.2d 1305. Laws 1992, c. 156, § 1, eff. Sept. 1, 1992.